**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

|  |  |
|---|---|
| IN RE TYCO INTERNATIONAL LTD., SECURITIES LITIGATION | ) MDL Docket No. 02-1335-PB<br>)<br>) This document relates to:<br>) Securities Action<br>) Civil Action No. 02-266-PB<br>) |

**<u>FINAL ORDER APPROVING SETTLEMENT, PLAN OF ALLOCATION AND
ATTORNEYS' FEES AND EXPENSE REIMBURSEMENT REQUEST</u>**

After a hearing before this Court on the 2nd day of November, 2007, to determine: (i) whether the terms and conditions of the Stipulation of Settlement dated July 6, 2007 between the Class Representatives, on behalf of themselves and the Class, on the one hand**,** and defendants Tyco International Ltd. ("Tyco"), Michael A. Ashcroft ("Ashcroft"), Mark A. Belnick ("Belnick") and PricewaterhouseCoopers LLP ("PwC") ("Settling Defendants") (collectively with the Class Representatives, "Settling Parties"), on the other hand, including an Amendment as filed with the Court on July 12, 2007 and Amendment No. 2, as filed with the Court on October 24, 2007 (collectively, the "Settlement Agreement"), are fair, reasonable, and adequate settlement consideration for the dismissal of the Consolidated Securities Class Action Complaint dated January 28, 2003, (the "Complaint") and the settlement of all Released Claims against the Tyco Settling Defendants' Releasees and the PwC Releasees; (ii) whether the Settlement Agreement should be approved; (iii) whether the Plan of Allocation should be approved; (iv) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Settling Defendants and as against all persons or entities who are Class Members herein and who have not requested exclusion from the Class; and (v) whether and in what amount to award Co-Lead Counsel in attorneys' fees and for reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired Tyco Securities from December 13, 1999 to June 7, 2002, inclusive, at the respective addresses set forth in such records, and such notice was also forwarded to the beneficial owners identified by brokers and other nominee record owners, and that a summary notice of the hearing substantially in the form approved by the Court was published on at least one occasion in the *USA Today*, *The New York Times*, *The Wall Street Journal*, *The Financial Times*, *The Sun Sentinel*, *Palm Beach Post, Chicago Tribune, Financial Times, PR Newswire* and *Union Leader* pursuant to the specifications of the Court as required by the Order Preliminarily Approving Proposed Settlement ("Hearing Order") dated July 13, 2007; and the Court having considered and determined to approve the Plan of Allocation as a fair and reasonable method to allocate the Distribution Amount among the members of the Class; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Action and the Settling Parties, including all Class Members.

2.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Class shall consist of all persons and entities who purchased or otherwise acquired Tyco Securities from December 13, 1999 through and including June 7, 2002, and who were damaged thereby, excluding Edward Federman, Richard J. Heger, Richard D. Power, Raymond Scott Stevenson,

and all the Defendants, all the officers, directors and partners thereof, members of their immediate families (parents, spouses, siblings, and children) and their legal representatives, heirs, successors and assigns, and any entity in which any of the foregoing have or had a Controlling Interest, including, without limitation, any of the following: K&D Trust, Kozlowski Family Partnership, L.P., Kozlowski Family 1998 Trust, Kozlowski Family Foundation,  L. Dennis Kozlowski 1997 Foundation Trust, KMS Partnership, L.P., KMS Family Partnership L.P., KMS Family 1999 Trust, KMS Trust, KMS Family Corp., SFFP Trust, Swartz Family Foundation, Swartz Family Partnership, Mayo Realty Trust LLC, K Corp. LLC, DCS Family Partnership L.P., Endeavour Forever Corp., KFT Family Partnership, L.P., KFT Trust, Kozma Ltd., KD Nominee Trust, Whitehall Street Real Estate Ltd. Partnership, SEA, SEA Holdings LLC, 850 Lake Drive, LLC, 2365 South Ocean Blvd. Realty Trust, 447 Primavera Way, LLC, 24 Straw's Point Realty Trust, and GV Realty Trust.

3.     Also excluded from the Settlement are the Persons who submitted requests for exclusion in accordance with the Notice as listed on Exhibit A attached hereto.

4.     The Persons listed on Exhibit A, including both timely and untimely exclusions, shall not participate in the Net Cash Settlement Account or in any recovery received by the Class in connection with the Officer Assigned Claims.

5.     The Notice, the Summary Notice and the notice methodology implemented pursuant to the Settlement Agreement and the Court's Orders (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Actions, of the effect of the Settlement Agreement, including releases, of their right to object to the proposed Settlement, of

their right to exclude themselves from the Class, and of their right to appear at the Fairness

Hearing, (*iii*) were reasonable and constituted due, adequate and sufficient notice to all persons

or entities entitled to receive notice and (*iv*) met all applicable requirements of the Federal Rules

of Civil Procedure, the United States Constitution (including the Due Process Clause), the

Private Securities Litigation Reform Act of 1995, the Rules of the Court and any other applicable

law.

    6.  Final Settlement Approval Findings -- The Settlement Agreement is

finally approved as fair, reasonable and adequate and consistent with and in compliance with all

applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution

(including the Due Process Clause), the Private Securities Litigation Reform Act, the Rules of

this Court and any other applicable law, and in the best interests of the Settling Parties and the

Class Members and the Settling Parties are directed to consummate the Settlement in accordance

with the terms and provisions of the Settlement Agreement.  Unless otherwise defined in this

Order, the capitalized terms in this Order have the same meaning as they have in the Settlement

Agreement.

    7.  The following actions are dismissed as against each and all of the Settling

Defendants on the merits and with prejudice according to the terms set forth in the Settlement

Agreement: Williams, et al. v. Tyco International, et al., 1:02-cv-00266-PB (D.N.H.); Philip

Cirella v. Tyco International, 1:03-cv-01348-PB (D.N.H.); Abowitz v. Tyco International; 02-

CV-1033 (S.D.N.Y.); Ament v. Tyco International, 02-CV-3402 (S.D.N.Y.); Brody v. Tyco

International, 02-CV-2190 (S.D.N.Y.); Carlin v. Tyco International, 02-CV-0878 (S.D.N.Y.);

Casey v. Tyco International, 02-80164 (S.D. Fla.); Chambers v. Tyco International, 02-CV-2607

(S.D.N.Y.); Danforth v. Tyco International, 02-1365-B (S.D. Fla.); Engel v. Tyco International,

02-CV-1150 (S.D.N.Y.); <u>Fagan v. Tyco International</u>, 02-80118 (S.D. Fla.); <u>Fink v. Tyco International</u>, 02-CV-2260 (S.D.N.Y.); <u>Fischbein v. Tyco International</u>, 02-1364-B (S.D. Fla.); <u>Garcia v. Tyco International</u>, 02-CV-1464 (S.D.N.Y.); <u>Goldstein v. Tyco International</u>, 02-1034 (S.D.N.Y.); <u>Hoyt v. Tyco International</u>, 02-780152 (S.D. Fla.); <u>Jaffee v. Tyco International</u>, 02-21048 (S.D. Fla.); <u>Kelley v. Tyco International</u>, 02-80120 (S.D. Fla.); <u>Leone v. Tyco International</u>, 02-CV-2056 (S.D.N.Y.); <u>Lock v. Tyco International</u>, 02-CV-2080 (S.D.N.Y.); <u>Meran v. Tyco International</u>, 02-80189 (S.D. Fla.), <u>Murphy v. Tyco International</u>, 02-CV-2356 (S.D.N.Y.); <u>Rappaport v. Tyco International</u>, 02-CV-1393 (S.D.N.Y.); <u>Smith v. Tyco International</u>, 02-CV-1288 (S.D.N.Y.); and <u>Sved v. Tyco International</u>, 02-CV-1293 (S.D.N.Y.).

8.      Subject to paragraph 12 hereof, with respect to the Tyco Settling Defendants on the Tyco Settlement Effective Date and with respect to PwC, on the PwC Settlement Effective Date, Class Representatives, and any and all Class Members (including those Class Members who are parties to any other litigation, arbitration or other proceedings against, or have any Claim against any of the Tyco Settling Defendants' Releasees or the PwC Releasees that is a Released Claim with respect to the Tyco Settling Defendants, on the Tyco Settlement Effective Date and with respect to PwC, on the PwC Settlement Effective Date), on behalf of themselves, their heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), assigns, and any Person claiming by or through any of the Class Members, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally, and forever released, relinquished, settled, and discharged:

a. all Released Claims against any and all of the Tyco Settling Defendants' Releasees and the PwC Releasees, whether or not a Proof of Claim has been executed and/or delivered by, or on behalf of, any such Class Member;

b. all Claims against Co-Lead Counsel or any or all Class Representatives, the Settling Defendants, Tyco Settling Defendants' Releasees and the PwC Releasees and/or their respective counsel, that relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences or oral or written statements or representations in connection with or directly or indirectly relating to the prosecution, defense or settlement of the Actions or to the Settlement Agreement, or to attorneys' fees, costs or disbursements incurred by Co-Lead Counsel or other counsel representing Class Representatives, or the Class Members in the Actions.

9. Subject to paragraph 12 hereof, with respect to the Tyco Settling Defendants, on the Tyco Settlement Effective Date and with respect to PwC, on the PwC Settlement Effective Date, all Settling Defendants on behalf of themselves and the Tyco Settling Defendants' Releasees and the PwC Releasees, their heirs, executors, administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), assigns, any Person claiming by or through any of the Tyco Settling Defendants' Releasees or the PwC Releasees and any Person representing any of the Tyco Settling Defendants' Releasees or the PwC Releasees, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally, and forever released, relinquished, settled, and discharged Co-Lead Counsel and any or all Class Representatives and members of the Class or their attorneys from any and all Released Settling Defendants' Claims.

10.     Subject to paragraph 12 hereof, with respect to the Settling Defendants, on the later of the Tyco Settlement Effective Date or the PwC Settlement Effective Date, the Tyco Settling Defendants' Releasees on the one hand, and the PwC Releasees on the other hand, shall be deemed to have, and by operation of law and of this Order, shall have fully, finally and forever released, relinquished and forever discharged any and all claims (both known claims and Unknown Claims), rights or causes of action (whether based on federal, state or any other law, rule or regulation), including the Tyco Claims, that they could have asserted against each other which arise out of, relate to, or are based upon, directly or indirectly, the Settlement of the Actions, the Settlement Agreement, or the subject matter, allegations, transactions, including financial statements and audit opinions facts, matters, occurrences, representations or omissions involved, set forth, or referred to in the Complaint.

11.     Subject to paragraph 12 hereof, with respect to the Tyco Settling Defendants, on the Tyco Settlement Effective Date and with respect to PwC, on the PwC Settlement Effective Date, Co-Lead Counsel, and any or all Class Representatives, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), assigns, any Person claiming by or through any of them and any Person representing any or all Class Representatives, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally, and forever released, relinquished, settled, and discharged the Tyco Settling Defendants' Releasees and the PwC Releasees from any and all Released Claims.

12.     Notwithstanding paragraphs 8 through 11 above, nothing in this Order shall bar any action or claim by any of the Settling Parties or their Releasees to enforce or effectuate the terms of the Settlement Agreement or this Order.

13.     Nothing in this Order shall in any way limit or restrain the ability of the Tyco Settling Defendants, the Tyco Settling Defendants' Releasees, PwC or the PwC Releasees to raise or assert defenses or affirmative defenses to any allegations of liability or damages in pending non-settled actions or actions brought in the future related to, arising out of, or based on the subject matter, allegations, transactions, facts, occurrences, representations or omissions, involved, set forth or referred to in the Complaint, the MDL Securities Action or the Related Actions.

14.     Final Plan of Allocation Findings -- The Plan of Allocation is approved as fair and reasonable, and Co-Lead Counsel and the Claims Administrator are directed to administer the Settlement Agreement in accordance with its terms and provisions.

15.     No Class Member shall have any claim against Co-Lead Counsel, the Claims Administrator or other agent designated by Co-Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court.  No Class Member shall have any claim against the Tyco Settling Defendants, PwC, their counsel or any of the Tyco Settling Defendants' Releasees or PwC Releasees with respect to the investment or distribution of the Distribution Amount, the determination, administration, calculation or payment of claims, the administration of the Escrow Accounts, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class Members.

16.     Bar Order - (i) As provided in Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(f)(7)(A) and to the maximum extent permissible under law, (a) the Non-Settling Defendants are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution against any Tyco Settling Defendants' Releasees or PwC Releasees based upon, relating to, or arising out of the Released Claims; (b) the Tyco Settling Defendants' Releasees and the PwC Releasees are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution against any of the Non-Settling Defendants, based upon, relating to, or arising out of the Released Claims and (ii) the Tyco Settling Defendants' Releasees on the one hand, and the PwC Releasees on the other hand, are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for contribution, indemnification or otherwise against each other, based upon, relating to, or arising out of the Released Claims.  For the purposes of this Order, (i) and (ii) above are collectively referred to as the Bar Order.  For purposes of this paragraph only, Non-Settling Defendants shall include any person whom the Class Representatives may hereafter sue, on behalf of the Class based upon, relating to, or arising out of the Released Claims.  Inclusion of the Bar Order in this Order is material to Settling Defendants' decision to participate in this Settlement Agreement.

17.     The Court hereby approves the Stipulations Withdrawing Objections at Docket Nos. 1150, 1151, 1152 and 1159 and Co-Lead Counsel, the former objectors and their counsel are hereby directed to abide by the terms set forth in those Stipulations.

18.     Final Fee Award and Expense Reimbursement Request Findings -- Plaintiff's Counsel are hereby awarded $28,938,412.74 in reimbursement of expenses, which

expenses shall be paid to Plaintiff's Counsel from the Settlement Amount (the "Expense Reimbursement Award") and14.5% of the Total Cash Settlement Amount less the Expense Reimbursement Award (the "Fee Award"), which sum the Court finds to be fair and reasonable. Interest shall be paid to Plaintiff's Counsel on the Expense Reimbursement Award, calculated from the date such Settlement Amount was funded to the date of payment at the same net rate that the Settlement Amount earns.  Attorneys' fees of 14.5% are also hereby awarded on any future amount(s) contributed to the Settlement Fund by Tyco in accordance with the Officer Assigned Claims pursuant to the Stipulation of Settlement.  The Fee Award shall be allocated among counsel in a fashion which, in the opinion of Co-Lead Counsel, fairly compensates counsel for their respective contributions in the prosecution and/or settlement of the Action.

19.     The Court finds that the objections at Docket Nos. 1105, 1108, 1110, 1115, 1121, 1126, 1130,1133,1135,1136 and 1138 have been properly withdrawn

20.     The Court finds that the objections at Docket Nos. 1106, 1109, 1124, 1128, 1129, 1131, 1132, 1134, 1137, 1156, 1161, 1163, 1165, 1166, 1167, 1168, 1169, 1175 and 1176 are hereby overruled.

21.     Neither this Order, the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

a.     offered or received against the Settling Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Settling Defendants with respect to the truth of any fact alleged by any of the Class Representatives, the Class, or the validity of any claim that has been or could have been asserted

in the Action or in any litigation, or the deficiency of any defense that has been or could have

been asserted in the Action or in any litigation, or of any liability, negligence, fault, or

wrongdoing of any Settling Defendant;

b.      offered or received against any Settling Defendant as evidence of a

presumption, concession or admission of any fault, misrepresentation or omission with respect to

any statement or written document approved or made by any Settling Defendant;

c.      offered or received against any Settling Defendant as evidence of a

presumption, concession or admission with respect to any liability, negligence, fault or

wrongdoing, or in any way referred to for any other reason as against any Settling Defendant in

any other civil, criminal or administrative action or proceeding, other than such proceedings as

may be necessary to effectuate the provisions of the Settlement Agreement and this Order;

provided, however, that if the Settlement Agreement is approved by the Court, Settling

Defendants may refer to it to effectuate the liability protection granted it hereunder;

d.      construed against any Settling Defendant as an admission or

concession that the consideration to be given hereunder represents the amount which could be or

would have been recovered from any Settling Defendant after trial; and

e.      construed as or received in evidence as an admission, concession

or presumption against the Class Representatives or any of the Class Members that any of their

claims are without merit, or that any defense asserted by any Settling Defendant has any merit, or

that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

22.     The Court retains continuing and exclusive jurisdiction over the Action for the reasons and purposes, and subject to the conditions, set forth in the Settlement Agreement.

23.     The Action, and all Related Actions pending in this Court, shall be dismissed as against each and all of the Settling Defendants on the merits and with prejudice, without costs to any party, upon entry of this Order.

24.     This Action has been pending since the first of the constituent actions were filed in 2002.  The Settlement Agreement resolves all of the claims asserted by the Class against the Settling Defendants and pursuant to the above bar orders bars any claims for contribution by or against any Settling Defendant.  The claims asserted against the Settling Defendants, which are now settled, raise issues that are separable from the remaining claims of the Class Representatives and the Classes against the Non-Settling Defendants.  Permitting that immediate appeal, if taken, of this Order would not result in any duplication of review by an appellate court, because if an appellate court were to vacate the Settlement Agreement, then the parties may reasonably continue their prosecution or defense of the claims while this Court continues to preside over other related claims, without a waste of time or judicial resources.  If this Order were not immediately appealable, once an appeal were ripe after the conclusion of the entire coordinated litigation, and if the appellate court vacated this Order, then this Court would face re-trying the entire litigation as to the Settling Defendants, thereby wasting judicial resources.

25.     By reason of the finding in the previous paragraph, there is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly

directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.  The Actions are not dismissed with respect to claims against the Non-Settling Defendants.

26.     The Court having determined that there is no just reason for delay, hereby Orders entry of FINAL JUDGMENT with respect to the Settling Defendants, and in accordance with Federal Rule of Civil Procedure 54(b) this 19th day of December, 2007.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

cc:  Counsel of Record

| Tyco International, Ltd. Securities Litigation Settlement | | |
|---|---|---|
| Timely Exclusion Number | Name or Title | Name or Title |
| 1 | ROBERT M WILLIAMS | |
| 2 | MARSHALL F CAROL E GOLDBERG | TRUSTEE THE GOLDBERG FAMILY |
| 3 | VIRGINIA MACKENZIE MCNEAR | |
| 4 | AUBREY V DAVISSON | |
| 5 | WILLIAM A HART | |
| 6 | MS CAROLYN H MILLER | |
| 7 | CHRISTOPHER M. WIEDENMAYER | CGM IRA ROLLOVER CUSTODIAN |
| 8 | DAVID E BEER | CGM IRA CUSTODIAN |
| 9 | EDWARD GEORGE CONNELLY | CGM IRA CUSTODIAN |
| 10 | JAY H. ROSSBACH | LINDA ROSSBACH  TTEE |
| 11 | STEPHEN J. HAYDOCK | ELAINE J. HAYDOCK TTEE |
| 12 | JANET M SMITH | CGM IRA ROLLOVER CUSTODIAN |
| 13 | DEAN S EITEMAN IRA | FCC AS CUSTODIAN |
| 14 | ELFRIEDE H EITEMAN | REV TRUST |
| 15 | LEON M CANZIANI | CGM IRA BENEFICIARY CUSTODIAN |
| 16 | DORIS B SCOTT DEC'D IRA | FCC AS CUSTODIAN |
| 17 | BARBARA H MURPHY & | RICHARD MURPHY JT TEN |
| 18 | WILLIAM H. FAULHABER AND | DOLORES A. FAULHABER JTWROS |
| 19 | JOHN W. MONEY | CGM IRA CUSTODIAN |
| 20 | JUDY GAURON | |
| 21 | JOSEPHINE J PETERSEN | |
| 22 | SARAH W KORN | |
| 23 | KENNETH GAZDAG & | MARY GAZDAG JT TEN |
| 24 | ELIZABETH H HOUSER | CGM IRA CUSTODIAN |
| 25 | GRAHAM ROWLEDGE JOHN | |
| 26 | R DIANE & MARTIN A RAFFONE JT TEN | |
| 27 | LUCY B. MCGOWAN  TTEE | FBO LUCY B. MCGOWAN |
| 28 | ELSA O LHOMMEDIEU | |
| 29 | JDJ FAMILY HOLDINGS LTD | |
| 30 | RUTH A EMERY | |
| 31 | DAVID R SLOCUM | |
| 32 | BARBARA A KONDILIS | |
| 33 | JANET E DOSTAL | |
| 34 | KENNETH & MARY ELSIE SUTCLIFFE | |
| 35 | RODGER A SPRINGER IRA | |
| 36 | JEANNETTE RHOADS NESBIT  TTEE | FBO JEANNETTE RHOADS NESBIT |
| 37 | ALFRED A MARTINEZ | |
| 38 | THOMAS KEPHART | |
| 39 | JOANNE L DIAMOND | SAM:1838 INVESTMENT 1838L3-L |
| 40 | ALBERT G STROTHERS | REVOCABLE LIVING TRUST |
| 41 | HAROLD ZECKEL | |
| 42 | SWENT FAMILY LLC | |
| 43 | TRAVIS CAVENS AND | PHYLLIS CAVENS COMM PROP |
| 44 | GERALDINE THORNE | CGM IRA ROLLOVER CUSTODIAN |

| Timely Exclusion Number | Name or Title | Name or Title |
|---|---|---|
| 45 | JAMES C BRAY | CGM IRA ROLLOVER CUSTODIAN |
| 46 | HELEN HIRSHEY | |
| 47 | LOREN M HOLMES | |
| 48 | SHIRLEE J HOLMES | |
| 49 | NORMAN P SWENT(DECEASED) & | DOROTHY M SWENT |
| 50 | BERNARD E SCHMITT | |
| 51 | NORMA J BRADFISH | |
| 52 | HAROLD P HOUSER | |
| 53 | WILLIAM E MATCHETT JR | |
| 54 | MAE FEEBACK | |
| 55 | STEVEN C & MARGARET P SEARS | |
| 56 | MRS JOYCE M DIEWALD | |
| 57 | JEAN E KERR | |
| 58 | DOROTHY D RUPEL TTEE | THE THEODORE J RUPEL & |
| 59 | FMT CO CUST IRA | FBO CHARLES C NOSLEY |
| 60 | CUL GENERAL (UNALLOCATED) | JPMORGAN |
| 61 | INDIANA LUMBERMENS MUTUAL INS ZAZOV | JPMORGAN |
| 62 | STATE OF NEW JERSEY | DEPT OF TEASURY ( #5140 ) |
| 63 | A.F. & ELDORA M AGENA TRUST | ELDORA M AGENA TTEE UA DTD |
| 64 | STATE OF NEW JERSEY, DEPT OF TREASURY | DIVISION OF INVESTMENTS |
| 65 | STATE OF NEW JERSEY, DEPARTMENT OF TREAS | DIVISION OF INVESTMENTS |
| 66 | STATE OF NEW JERSEY, DEPARTMENT OF TREAS | DIVISION OF INVESTMENTS |
| 67 | STATE OF NEW JERSEY, DIVISION OF INVESTM | TTEES FOR SUPPORT OF PUBLIC SCHOOLS FUND |
| 68 | STATE OF NEW JERSEY, DEPT OF TREAS | DIVISION OF INVESTMENTS |
| 69 | MARIE R COTHERN | |
| 70 | CAROL E RYDEN | |
| 71 | DORIS A BAKER ACCESS IRA #2 | |
| 72 | MARJORIE CONNOR TTEE | FBO MARJORIE CONNOR |
| 73 | IRENE E MURRAY | CHARLES SCHWAB & CO INC CUST |
| 74 | GARY G WEBB & | IRIS J WEBB |
| 75 | FRANK E BELL(DECD) & | FAITH SOUTHWORTH P.R. |
| 76 | EUGENIA Y ALEXION | |
| 77 | PRISCILLA J WACKER | |
| 78 | OSCAR C HEDRICH | |
| 79 | ELSA GLENN PERKINS TTEE | FBO MARGERY PAGE TRUST |
| 80 | MARGUERITE M ROYSTON | |
| 81 | JERRY RHODERICK | |
| 82 | ELTER L KOWALSKI IRA | FCC AS CUSTODIAN |
| 83 | MARTHA S SPRAKE IRA | FCC AS CUSTODIAN |
| 84 | EDWARD D JONES & CO CUSTODIAN | FBO ELIZABETH L WITHERS   IRA |
| 85 | CLYDE N MCWATERS IRA | CIBC WORLD MARKETS CORP CUST |
| 86 | ELIZABETH  BONVILLIAN | |
| 87 | BERNICE MCGEE | |

| Timely Exclusion Number | Name or Title | Name or Title |
|---|---|---|
| 88 | PATRICIA LEE ERKSON | |
| 89 | MARY A PECK TTEE | MARY A PECK TRUST |
| 90 | THERESA D DOSS TTEE | THERESA D DOSS TRUST |
| 91 | SHARON L JOHNSON | |
| 92 | JOHN TOMILO | GEORGIA J TOMILO TR UA 04 23 98 |
| 93 | D T SHANTHA | |
| 94 | AFFINITY MORTGAGE LLC | |
| 95 | MARILYN S FEARNLEY IRA | BEAR STEARNS SEC CORP CUST |
| 96 | RICHARD W HENLEY | |
| 97 | JOHN H BUNT JR | |
| 98 | HAROLD A KERSTETTER & JOSEPHIN | P KERSTETTER TEN ENT |
| 99 | JOHN TERENCE BRACK | |
| 100 | ROBERT D LEHR | |
| 101 | LINDA L BARNES IRA | |
| 102 | SOPI | AN INVESTMENT CLUB |
| 103 | BETTY B RICHARDS | |
| 104 | PETER JAMES BULLOCH | |
| 105 | HELEN PAPPAS  TTEE | FBO HELEN PAPPAS |
| 106 | LET IT RIDE INVESTMENTS | C/O TRICIA PENDERGRAFT |
| 107 | ROBERT W SIBEL & | RUTH F SIBEL JT TEN |
| 108 | JOHN C PRIESTLEY II IRA | |
| 109 | PATRICIA CONNELLY R/O IRA | FCC AS CUSTODIAN |
| 110 | TRUST COMPANY OF THE WEST AS CUST | IFIN, LP-MC |
| 111 | TRUST COMPANY OF THE WEST AS CUST | HI CHARITABLE REM |
| 112 | THOMAS H BUTLER | |
| 113 | HARRY E STICKLER | |
| 114 | DIANE L VAN VONDEREN | |
| 115 | RUTH E NAYLOR | RUTH ELEANOR NAYLOR TRUST |
| 116 | ELISE WENDEL MURRAY | |
| 117 | TYRONE DOUGLAS BEASON | |
| 118 | HOWARD F MANCHA | |
| 119 | STEVEN W HAHN | |
| 120 | BRIGGS FAMILY TRUST | RICHARD L.  BRIGGS & LINA |
| 121 | PHYLLIS A CLARK | |
| 122 | FRANCES MARQUIS | |
| 123 | CHESTER L BUCKNER AND RUBY H | BUCKNER TRUST DTD 09/25/98 |
| 124 | NADA KOZUL | |
| 125 | MURRAY J SMIDT | |
| 126 | JUDITH K KEATON | |
| 127 | NORMAN R KOUBA TTEE | NORMAN R KOUBA |
| 128 | DORIS G SYLVEST | |
| 129 | MARIO J MOSSOTTO & ANN | MOSSOTTO TR UA 01 06 93 |
| 130 | JEFFREY BRUCE SCIALLO | |
| 131 | DOMENICA M MACERATA  MGD | |
| 132 | SHIRLEY J  MEADOWS | J ELMER  MEADOWS |
| 133 | LEROY JOSEPH STREIT TTEE AND | DOROTHY HIGGINS STREIT TTEE |
| 134 | WALTER B MESEROLL & | FLORENCE MESEROLL |

| Timely Exclusion Number | Name or Title | Name or Title |
|---|---|---|
| 135 | JUDY C SMITH | IRA ROLLOVER |
| 136 | JOHN W PEPPER AND | PATRICIA L PEPPER TRUSTEES |
| 137 | PAMELA KOMENDA | AKA PAMELA KEGELES |
| 138 | MUTUAL FINANCIAL SERVICES FUND | A SERIES OF FRANKLIN SERIES FUND |
| 139 | HILARY MARGARET CLAYTON | |
| 140 | MUTUAL BEACON FUND | A SERIES OF FRANKLIN MUTUAL SERIES FUND |
| 141 | MARY YARKOSKY | CGM IRA ROLLOVER CUSTODIAN |
| 142 | JOSEPH SCHERPF | |
| 143 | L RICHARD MOWERY IRA | RAYMOND JAMES & ASSOC INC CSDN |
| 144 | MUTUAL DISCOVERY SECURITIES FUND | A SERIES OF FRANKLIN TEMPLETON VARIABLE |
| 145 | MUTUAL SHARES SECURITIES FUND | A SERIES OF FRANKLIN TEMPLETON VARIABLE |
| 146 | MUTUAL BEACON FUND | |
| 147 | MUTUAL DISCOVERY FUND | A SERIES OF FRANKLIN MUTUAL SERIES FUND |
| 148 | MUTUAL SHARES FUND | A SERIES OF FRANKLIN MUTUAL SERIES FUND |
| 149 | MUTUAL QUALIFIED FUND | A SERIES OF FRANKLIN MUTUAL SERIES FUND |
| 150 | FRANKLIN MUTUAL BEACON FUND | A SUBFUND OF FRANKLIN TEMPLETON |
| 151 | THOMAS JASIN | |
| 152 | TONI D PARKER | |
| 153 | IRIS RAE CRAWFORD | T/O/D THE SEVENTH-DAY |
| 154 | COMMONWEALTH OF MASSACHUSETTS | PENSION RESERVES INVESTMENT TRUST |
| 155 | MERRILL LYNCH US DYNAMIC FUND | C/O BLACKROCK ADVISORS, LLC |
| 156 | MERRILL LYNCH GLOBAL EQUITY FUND | C/O BLACKROCK ADVISORS, LLC |
| 157 | MASTER ENHANCED S&P 500 SERIES | C/O BLACKROCK ADVISORS, LLC |
| 158 | MERRILL LYNCH BALANCED PORTFOLIO FUND | C/O BLACKROCK ADVISORS, LLC |
| 159 | MERRILL LYNCH INSTITUTIONAL FCP GLOBAL | EQUITY EX-JAPAN FUND |
| 160 | MERRIL LYNCH GLOBAL BALANCED FUND | C/O BLACKROCK ADVISORS LLC |
| 161 | BLACKROCK ASSET ALLOCATION PORTFOLIO | (LARGE CAP GROWTH) AS SUCCESSOR IN |
| 162 | BLACKROCK WORLD INDEX SERIES | C/O BLACKROCK ADVISORS LLC |
| 163 | BLACKROCK CAPITAL APPRECIATION PORTFOLIO | AS SUCCESSOR IN INTEREST TO SSR LEGACY |
| 164 | BLACKROCK LARGE CAP VALUE SSR TEST AS | SUCCESSOR IN INTEREST TO SSR LARGE CAP |
| 165 | BLACKROCK GLOBAL ALLOCATION FUND, INC. | AS SUCCESSOR IN INTEREST TO BLACKROCK |
| 166 | MASTER LARGE CAP CORE PORTFOLIO | C/O BLACKROCK ADVISORS LLC |

| Timely Exclusion Number | Name or Title | Name or Title |
|---|---|---|
| 167 | BLACKROCK LARGE CAP CORE PORTFOLIO | MASTER AS SUCCESSOR IN INTEREST TO |
| 168 | EQUITY INDEX TRUST SERIES MASTER | C/O BLACKROCK ADVISORS LLC |
| 169 | MLIT SPECIALIST INTERNATIONAL NORTH | AMERICAN FUND |
| 170 | MERRILL LYNCH INTERNATIONAL INVESTMENT | FUNDS US EQUITY FUND |
| 171 | MLIIF GLOBAL EQUITY DIVERSIFIED FUND | C/O BLACKROCK ADVISORS, LLC |
| 172 | MERRILL LYNCH INTERNATIONAL INVESTMENT | FUNDS GLOBAL FUND VALUE |
| 173 | BLACKROCK GLOBAL ALLOCATION FUND INC | C/O BLACKROCK ADVISORS LLC |
| 174 | DC AMERICAN GROWTH FUND | C/O BLACKROCK ADVISORS, LLC |
| 175 | BLACKROCK HIGH YIELD BOND PORTFOLIO | C/O BLACKROCK ADVISORS LLC |
| 176 | BLACKROCK MID CAP VALUE OPPORTUNITIES FD | C/O BLACKROCK ADVISORS, LLC |
| 177 | BLACKROCK GLOBAL TECHNOLOGY FUND INC | C/O BLACKROCK ADVISORS LLC |
| 178 | BLACKROCK SERIES FUND: BLACKROCK GLOBAL | ALLOCATION PORTFOLIO |
| 179 | BLACKROCK LARGE CAP CORE FUND AS SUCC | BLACKROCK INVESTMENT TRUST PORTFOLIO |
| 180 | MASTER S&P 500 INDEX SERIES FUND | C/O BLACKROCK ADVISORS LLC |
| 181 | BLACKROCK VARIABLE SERIES FUNDS, INC.: | BLACKROCK GLOBAL ALLOCATION V.I. FUND |
| 182 | BLACKROCK TOTAL RETURN PORTFOLIO II | C/O BLACKROCK ADVISORS, LLC |
| 183 | BLACKROCK VARIABLE SERIES FUNDS INC.: | BLACKROCK LARGE CAP CORE VI FUND |
| 184 | BLACKROCK INSTITUTIONAL EQUITY FUNDS | NORTH AMERICAN FUND |
| 185 | BLACKROCK SELECT EQUITY/(INVESTMENT TR) | SST-INV TRUST TEST AS SUCC IN INTEREST |
| 186 | ROBERT L HESS | |
| 187 | BLACKROCK VARIABLE SERIES FUND.: | BLACKROCK S&P 500 INDEX FUND |
| 188 | THE HESS FAMILY TRUST DTD 8.3.89 | ROBERT M & ROSEMARIE HESS TTEES |
| 189 | THE LITVACK-CURTIS FAMILY TRUST | FRANK LITVACK TRUSTEE |
| 190 | CALMEDICA LLC | |
| 191 | FEDERATED AMERICAN LEADERS FUND II | STEPHEN LOWEY |
| 192 | FEDERATED STOCK TRUST | STEPHEN LOWEY |
| 193 | FEDERATED TOTAL RETURN BOND FUND (SUCC T | TO INTEREST TO FEDERATED MANAGED INCOME |

| Timely Exclusion Number | Name or Title | Name or Title |
|---|---|---|
| 194 | FEDERATED CAPITAL APPRECIATION FUND II | STEPHEN LOWEY |
| 195 | FEDERATED MID CAP GROWTH STRATEGIES FUND | STEPHEN LOWEY |
| 196 | FEDERATED MID CAP GROWTH STRATEGIES | FUND II STEPHEN LOWEY |
| 197 | FEDERATED CAPITAL APPRECIATION FUND | STEPHEN LOWEY |
| 198 | FEDERATED INTERMEDIATE CORPORATE BOND | FUND, STEPHEN LOWEY |
| 199 | FEDERATED QUALITY BOND FUND II | STEPHEN LOWEY |
| 200 | ALEXANDRA H BALLARD & R BRINCKERHOFF | LOWERY, AS TTEES OF THE ALEXANDRA |
| 201 | DYLAN H HIXON, AS TTEES OF THE ALEXANDRA | TRUST UNDER THE ICH LEX TRUST |
| 202 | DYLAN H HIXON, AS TTEE OF THE ALEXANDRA | TRUST UNDER THE JMH LEX TRUST |
| 203 | DYLAN H HIXON, AS TTEE OF THE ALEXANDRA | TRUST OF THE DYLAN TRUST UNDER THE |
| 204 | DYLAN H HIXON, AS TTEE OF THE DYLAN | TRUST UNDER THE JMH LEX TRUST |
| 205 | DYLAN H HIXON, AS TTEE OF THE INDIA | TRUST UNDER THE ICH LEX TRUST |
| 206 | DYLAN H HIXON, AS TTEE OF THE INDIA | TRUST UNDER THE JMH LEX TRUST |
| 207 | DYLAN H HIXON, AS TTEE OF THE SHANTI | TRUST UNDER THE ICH LEX TRUST |
| 208 | DYLAN H HIXON, AS TTEE OF THE SHANTI | TRUST UNDER THE JMH LEX TRUST |
| 209 | ANDREW R HIXON, AS TTEE OF THE | ICH ANDO TRUST |
| 210 | ANDREW R HIXON, AS TTEE OF THE JMH | ANDO TRUST |
| 211 | ANDREW R & MICHELE M HIXON AS TTEES | OF THE ANDREW & MICHELE HIXON 2002 TRUST |
| 212 | DEBRA P GEIGER, AS TTEE OF THE | DEBRA P GEIGER LIVING TRUST |
| 213 | DEVON GEIGER NIELSEN, AS TTEE OF THE | DEVON GEIGER NIELSEN LIVING TRUST |
| 214 | DYLAN H HIXON & R BRINKERHOFF LOWERY | AS TTEES OF THE DYLAN HIXON 1999 TRUST |
| 215 | FRANK HIXON FOSTER AS TTEE OF THE | FRANK HIXON FOSTER 1999 TRUST |
| 216 | BETSY HUNTER GEIGER AS TTEE OF THE | FRANK P HIXON TRUST FBO |
| 217 | INDIA T RADFAR & R BRINCKERHOFF LOWERY | AS TTEE OF THE INDIA T RADFAR TRUST |
| 218 | WILLIAM DODD GEIGER II AS TTEE OF THE | WILLIAM DODD GEIGER II 1989 REV TRUST |
| 219 | BARBARA HUNTER FOSTER AS TTEE OF THE | FOSTER FAMILY TRUST A |

| Timely Exclusion Number | Name or Title | Name or Title |
|---|---|---|
| 220 | PAULINE H TURPIN, AS TTEE OF THE FRANK P | HIXON TRUST FBO PAULINE H TURPIN |
| 221 | PAULINE H TURPIN, AS TTEE OF THE | ELIZABETH HIXON HUNTER TRUST FBO PAULINE |
| 222 | GEORGE B TURPIN AS TTEE OF THE GEORGE B | & PAULINE H TURPIN TRUST |
| 223 | PAUL H TURPIN, AS TTEE OF THE TURPIN | FAMILY TRUST 1992 REVOCABLE TRUST DTD |
| 224 | GEORBE B TURPIN, JR, AS TTEE OF THE | GEORGE B TURPIN, JR LIVING TRUST DTD |
| 225 | BETSY HUNTER GEIGER AS TTEE OF THE | GEIGER FAMILY REVOCABLE TRUST |
| 226 | BARBARA HUNTER FOSTER AS TTEE OF THE | ELIZABETH H HUNTER TRUST FBO |
| 227 | BARBARA HUNTER FOSTER AS TTEE OF THE | FRANK P HIXON TRUST FBO BARBARA HUNTER |
| 228 | ADELAIDE E FOSTER | MORGENSTERN JACOBS & BLUE LLC |
| 229 | E GAGE FOSTER WOODARD | MORGENSTERN JACOBS & BLUE LLC |
| 230 | HUGH K FOSTER JR | MORGENSTERN JACOBS & BLUE LLC |
| 231 | JENNIFER BFF WALTON | MORGENSTERN JACOBS & BLUE LLC |
| 232 | ANDREW R HIXON AS TTEE OF THE | ANDREW R HIXON TRUST |
| 233 | SHANTI HIXON AS TTEE OF THE SHANTI | HIXON REVOCABLE TRUST |
| 234 | TRUST UNDER THE WILL OF IRENE C HIXON | FOR ALEXANDER P HIXON |
| 235 | ICH POWER OF APPOINTMENT TRUST | MORGERNSTERN JACOBS & BLUE LLC |
| 236 | TRUST UNDER THE WILL OF JOSEPH M HIXON | FOR ALEXANDER P HIXON |
| 237 | JMH POWER OF APPOINTMENT TRUST | MORGERNSTERN JACOBS & BLUE LLC |
| 238 | FC HIXON RES TRUST FBO FOSTER CHILDREN | MORGENSTERN JACOBS & BLUE LLC |
| 239 | ELIZABETH HIXON HUNTER POWER OF | APPOINTMENT TRUST #1 FBO |
| 240 | ELIZABETH HIXON HUNTER POWER OF | APPOINTMENT TRUST #1 FBO ADELAIDE E |
| 241 | ELIZABETH HIXON HUNTER POWER OF | APPOINTMENT TRUST #1 FBO ELIZABETH |
| 242 | ELIZABETH HIXON HUNTER POWER OF | APPOINTMENT TRUST #1 FBO  HUGH K |
| 243 | ELIZABETH HIXON HUNTER POWER OF | APPOINTMENT TRUST #1 FBO JENNIFER B |
| 244 | GREGORY A ANDERSON | |
| 245 | RICHARD L MOORE | |
| 246 | NUVEEN LARGE-CAP VALUE FUND | ATTN: LARRY W MARTIN |
| 247 | EQUITEC GROUP, LLC | ROBBINS UMEDA & FINK, LLP |
| 248 | THE GABRIELA M HESS TRUST UTA 11.30.94 | MARK MILANI TRUSTEE |

| Timely Exclusion Number | Name or Title | Name or Title |
|---|---|---|
| 249 | THE LITVACK-CURTIS CHILDRENS TRUST | ROBERT HARABEDIAN TR |
| 250 | THE VERENA K HESS TRUST UTA 11.30.94 | MARK MILANI TRUSTEE |
| 251 | KAREN G KRASNEY | C/O LAW OFFICES OF KAREN G KRASNEY |
| 252 | FRANK LITVACK | |
| 253 | PUBLIC EMPLOYEES RETIREMENT ASSOCIATION | OF COLORADO |
| 254 | NEIL EIGLER | |
| 255 | STATE TREAS OF THE STATE OF MI AS CUST | OF MI PUB SCH EMPL RET SYS, STATE EMPL |
| 256 | CHERYL S HARPER | CGM IRA CUSTODIAN |
| 257 | DOROTHY FETTERLY | |
| 258 | BLACKROCK GLOBAL TECHNOLOGY FUND, INC | AS SUCCESSOR IN INTEREST TO |
| 259 | BLACKROCK LARGE CAP VALUE FUND AS SUCC | BLACKROCK LARGE CAP VALUE EQ |
| 260 | MRS KATHRYN S OCONNOR | |
| 261 | MYLES R & JANET SMELTZ | |
| 262 | RICHARD A CLEMENS & HOLLY S CLEMENS | FAMILY TRUST DTD 9.3.02 ('TRUST') |
| 263 | FEDERATED AMERICAN LEADERS FUND INC | STEPHEN LOWEY |
| 264 | ALICE COOPER | |
| 265 | ALICE COOPER DECLARATION OF TR | ALICE COOPER TTEE DTD 11/15/99 |
| 266 | FEDERATED BOND FUND | STEPHEN LOWEY |
| 267 | BETSY HUNTER GEIGER AS TTEE OF THE | ELIZABETH H HUNTER TRUST FBO |
| 268 | BRIER ALLEBRAND AS TTEE OF THE ALLEBRAND | LIVING TRUST DTD 4.30.993 |
| 269 | ANNETTE ROME | |
| 270 | NUVEEN RITTENHOUSE GROWTH FD | ATTN: LARRY W MARTIN |
| 271 | EDWIN G KREBS IRA | |
| 272 | JOSEPHINE DEWAR | |
| 273 | FEDERATED LARGE CAP GROWTH FUND | STEPHEN LOWEY |
| 274 | NUVEEN BALANCED STOCK AND BOND FUND | ATTN: LARRY W MARTIN |
| 275 | NUVEEN BALANCED MUNICIPAL AND STOCK FUND | ATTN: LARRY W MARTIN |
| 276 | TEACHER RETIREMENT SYSTEM OF TEXAS | |
| 277 | FRED ALGER MANAGEMENT, INC. | |

| Timely Exclusion Number | Name or Title | Name or Title |
|---|---|---|
| 278 | CASTLEROCK MANAGEMENT ON BEHALF OF: CASTLEROCK FUND LTD CASTLEROCK PARTNERS LP CASTLEROCK PARTNERS II LP CASTLEROCK MANAGEMENT PERSONAL ACCTS | |
| 279 | ATTICUS CAPITAL LP ON BEHALF OF: ATTICUS GLOBAL ADVISORS LTD. ATTICUS INTERNATIONAL FUND LTD HALF MOON CAPITAL PARTNERS LP DRED LTD NATIONAL BANK OF CANADA | |
| 280 | OMEGA ADVISORS INC. ON BEHALF OF: OMEGA CAPITAL PARTNERS LP OMEGA OVERSEAS PARTNERS INC. OMEGA CAPITAL INVESTERS LP OMEGA EQUITY INVESTORS LP OMEGA EQUITY OVERSEAS OMEGA INSTITUTIONAL PARTNERS OMEGA INTERNATIONAL PARTNERS II LP BETA EQUITIES GOLDMAN SACHS PROFIT SHARING MINISTERS AND MISSIONARIES PARMAL LGC | |
| 281 | LEON G COOPERMAN | |
| 282 | TOBY COOPERMAN | |
| 283 | MICHAEL SCOTT COOPERMAN | |
| 284 | COMMONFUND GROUP | |
| 285 | MUNDER CAPITAL ON BEHALF OF | MUNDER CAPITAL LARGE CAP VALUE FUND |
| 286 | WATCHUNG ROAD ASSOCIATES L.P. | |
| 287 | EDITH ADELINE COLE | |
| 288 | IRVING ASTMANN | |

**(EXHIBIT A CONTINUED)**

| Tyco International, Ltd. Securities Litigation Settlement | | |
|---|---|---|
| **Untimely Exclusion Number** | **Name or Title** | **Name or Title** |
| 1 | GLENN S TRUEHART & | EVELYN TRUEHART |
| 2 | MAYNARD STELZER & | VIVIAN STELZER JTWROS |
| 3 | KENNETH R MORGAN | |
| 4 | RONALD H STENZLER | |
| 5 | IMOGENE GREGORY TTEE OF THE | IMOGENE KESKEY TRUST |
| 6 | PATSY A PASCHAL | TOD DTD 8/31/03 |
| 7 | MAX BROSE | |
| 8 | PARKERSBURG NEUROLOGICAL ASSOCIATES, INC | PROFIT-SHARING PLAN U/A 10/1/81 |